William J. Regax, S.
This is a claim for return of medical payments made allegedly on behalf of deceased by Blue Cross of Western New York, Inc., which was acting, to use its own terms, as “ fiscal intermediary ” for the Department of Health, Education and Welfare.
The facts stipulated at the hearing held in this court on September 15, 1970 were essentially that on or about October 28, 1967 deceased was transferred as a patient from Buffalo General Hospital to the Nazareth Nursing Home at 291 West North Street, Buffalo, New York. It is conceded for the purposes of this litigation that the Nazareth Nursing Home on that date was not a participating extended care facility so as to make its patients eligible for Medicare benefits under the requirements of the Department of Health, Education and Welfare. It is also conceded that just three days later,, on November 1, 1967, the Nazareth Nursing Home did in fact become a fully participating extended care facility. It is because of these three days that Blue Cross of Western New York, Inc., as “fiscal intermediary ”, attempted to recover all the payments made for the entire period of hospitalization of this deceased in the Nazareth Nursing Home. These payments totaling $900 were made allegedly in error and it is for this sum that reimbursement from this estate is sought.
Counsel for Blue Cross of Western New York, Inc., stated on the record that the regulations provided that, unless a nursing facility was a ‘ ‘ participating extended care facility ’ ’ under the requirements of the Department of Health, Education and Welfare at the time of commencement of hospitalization, then any and all medical services thereafter rendered by the nursing facility would not be covered by Medicare. They stated that as authority for this there was a regulation of the Federal agency to this effect, but stated that this agency took the position that under its rules and regulations it would not disclose this regulation and would not permit it to be put into evidence in this court. In other words, they insisted upon repayment based upon a Federal regulation which they refused to prove. !
*86 There being no other basis proven to show that the payments were made in violation of any proven Federal rule or regulation, the court is left with no alternative but to decide that this claim for reimbursement by Blue Cross of Western New York, Inc., should be dismissed.